Our final case for this morning is United States v. Ford. Mr. Hillis. May it please the court, counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office and I represent Mr. Ford. He raises various issues on appeal. First, there's a due process in Rule 32.1 B2C error caused by the district court's reliance on statements by an absent witness, Ms. Jasmine Smith. Ms. Smith's statements were used to corroborate Mr. Ford's identity, his status as the building manager, as well as his assault on the victim. So we're in the world of reliability, though, right? Not technically the federal rules of evidence. Yes. Reliability and due process. So what's unreliable about this? It seems to me we know, there's no contest that Jasmine Smith is, in fact, another tenant in the building and is in a position to make these kinds of statements, even though they might be hearsay. I'm not certain what we know about Jasmine Smith other than she didn't testify and she should have, and it couldn't be considered unless there was a balancing test as performed under U.S. v. Jordan. We know she's a tenant. Are you contesting that she was another tenant in the building? I only know it's stated in the record and it was alleged that she was. All of these things are alleged. But the problem isn't that. The problem is, did the government make a showing why the absent witness shouldn't or wasn't able to be there? And did the district court then perform its obligations and make the balancing test, make the necessary findings under Rule 32.1B2C? Ultimately, then the reliability of the evidence would be before the district court. But those necessary prerequisites never happened. So as a matter of due process and a matter of the rule. Now this whole issue of Smith came up as a consequence of Ford raising this, right? And then the government got the testimony from Matthews about the statement that Smith provided. There was no objection. The government moved, I think, to admit Exhibit 5 and there was no objection. Yes, true. And so, I mean, even if it was an error, it was harmless because didn't Rahul identify Ford as the property manager and the man who beat him? And the district court credited that testimony? We have only two witnesses to establish the identity of the assailant. And one is Mr. Rahul, who is either a drinker or drug abuser, whose reliability would be at issue. And so the additional corroboration would be important. Also, as for what was not objected to, it's a requirement of the rule that the government state why the person is absent. The district court make a finding about. That's all true, but there's also, I mean, this rule, like many, is something that can be waived. And I'm worried in light of what Judge Williams was alluding to, the way the Smith statements initially come in is via Ford. And I'm wondering whether there's just waiver of at least the rule 32.1 point due process. Maybe not, but then you're really at a different level altogether where you're saying, you know, here's the Smith statement. It's worth something. I would say at best, the problem would be an invited error problem by introducing statements in part. By the way, not all of that information was introduced. And so it still brings up the references to Rahul's drug use, as I recall. And so it would still be as an adverse witness. And didn't the court say to Ford's, I don't know whether it was you or somebody else, but it was somebody else. Didn't the court ask Ford's lawyer whether he objected to the admission of the Smith statement? And he said, no, I don't object. Right, and that does not obviate the district court's responsibility or the government's responsibility to do their part as well. But it does take you into plain error, forfeiture, waiver territory. Yes, and there'd be a constitutional error, as Your Honor had alluded to, irrespective of the Rule 32.1b2c issue. A lot of constitutional errors are waivable too, so they're forfeitable. Indeed, but there'd be no strategic reason to have foregone the examination of one of the two essential witnesses in this case. And so I believe that we would still have... Unless you knew that she was going to say all these things that didn't help you. I'm not certain what was known. So what you're doing, though, what you're suggesting, then, is we put a burden on district court judges that when there's no objection to a statement being given, that the district court almost has to act as if there were an objection and make these kind of findings. Because if there's no objection by either side, it's been agreed it's going to come in. The Rule is pretty simple about what it asks the district courts to do, hold the hearing, make sure he's received a copy of the petition. For example, what I'm saying, what you're saying is, even if there's an agreement, there's no objection, the court still has to go in and hold a hearing. Right, suppose there had been a stipulation. Yeah, it is. It is almost like it's akin to a stipulation. So the judge then has to then go and do what he would or she would have done had there not been a stipulation or had there not been an exhibit. That just seems to me to be a really tough burden and something that's unnecessary on the district court. I don't think it's difficult at all. We have a case that just proceeded ours about a Rule 11 colloquy. There are things the district court can ask and easily cement these determinations, right? But that didn't happen. All the district court has to do is make a couple of questions about a witness who's absent and we have a record that's just fine. But I'm just saying the district court is not on notice that you have to do that to ask those additional questions unless there's an objection. If there's an objection, no problem. The court has to make those findings. Ask those additional questions perhaps. We don't, in the context of the Rule 11 colloquy, object and ask the district court, please make this finding or that. Again, this is very much akin to... Well, but you do object if it's missing part of the Rule 11 colloquy. If it's critical questions, it should be asked under Rule 11. You're saying you don't ask the court to ask those questions when there's like a hole in the Rule 11? I think it'd be wise practice to do so. I wouldn't forego the argument. Otherwise, you're in malpractice land. I wouldn't forego the argument on appeal, though the colloquy was defective and therefore I can withdraw my plea. That's the analogy that I'm wishing to make here. And if I can move on briefly, but before I do, just to say as to the effective remedy in this case, we are turning these into dress rehearsals. When the government doesn't do what it's supposed to do, the district court doesn't do what it's supposed to do, we shouldn't allow a second bite at the apple. And the Eighth Circuit's case, United States v. Johnson, which I don't cite in my brief, but I did mention when I argued the Jordan case. Jordan is opposite my perspective on this. Jordan says, go back and consider whatever is necessary, but we're making these into dress rehearsals. We're giving second bites at the apple. And there's no disincentive for the government ever to come in with what it should have as its evidence. There's every disincentive. If defense counsel is on their toes and they don't agree to these things, then as soon as there's an objection, the government's got to step forward and do what they need to do. I would disagree only insofar as the person in the robe says overruled and now we're off and up on an appeal if necessary and it's remanded and then the problem persists. Yeah, that's just the way the system goes. I mean, usually the district courts get it right. So once the point is called to their attention. We're doing nothing to disincentivize the violation of the rule when it comes up. And people then spend time in jail and come back and have a second hearing. And these are things that I wish to avoid. Turning, however, to the second issue, if I may, I believe that the plain language of the statute is our greatest asset here. And in it, it requires that if there's an offense and a revocation, then it allows you to set the amount of imprisonment's cabin by what the language is of the statute. And here, there would be a grade E or class E felony and I've explained so in my brief. But your reading of the statute doesn't leave any room for all the different reasons why supervised release might be revoked for non-criminal behavior. For, I mean, there are all kinds of things. You know, you leave the jurisdiction. Well, that's not a crime. That's maybe a violation of your term of supervised release. Or you, you know, you don't show up for a drug test. Or you do all sorts of things. You consume an excessive amount of alcohol. Well, assuming you're sitting there in your living room doing it and you're not driving a car, that's not a crime. Some things are. And with the one exception of the place that it refers in one place to the original term of supervised release and most of the rest of the time it just says the term. It just makes so much more sense to me to have it all relate back to the offense of conviction. And that would be great if the statute only said original offense and it doesn't. And so far as your Honor's construction of the term offense, that would be the limited view that the government has about it having to be equated directly with a crime. And we take the position that's not so. But I don't know of cases that use the word offense to mean something other than a crime. Supervised release is a unique animal. In any event, the dictionary uses the word offense to mean much more than a simple crime. Yeah, but criminal statutes don't. And supervised release is part of your sentence for your crime. And I would say that we use a dictionary definition as we would for statutory construction in any instance and the rule of lenity should apply. My client does not have the original offense language in 3583E that's apparent in 3583H. And so textually we should be looking at what the statute says and the plain language supports our position. If you want to save your last minute, you can use it now. No, I will stand on the brief with respect to the third point reserve. That's fine. Thank you. Ms. Monfils. May it please the court. I am Elizabeth Monfils, Assistant United States Attorney, and I represent the appellee, the United States of America. I'd like to address the counsel's argument about the government in this case not doing what it was supposed to do. In other words, explain why it didn't present Jasmine Smith as a witness at the revocation hearing. So I was worried about that because I couldn't see anything in the record indicating that she was unavailable. Nothing to tell me whether her statements had any indicia of reliability or not. It seemed like the government just took too many shortcuts. That is correct. There is nothing in the record about why Ms. Smith was unavailable. However, in this case, because the defendant made no objection, I understand that the rules don't apply, but there was no objection under the confrontation clause, under due process, under Rule 32.1 itself. It never triggered the government's duty to explain to the court why Ms. Smith was not presented at the hearing and why there was no opportunity to confront or cross-examine her. So what are we supposed to do, though, to get the district courts to comply with Rule 32.1? We've had cases in which we've said, we really mean it. You need to conduct this balancing test, and it just keeps not happening. That's correct. There was no balancing done in this particular case, but again, that's because the defendant made no objection. It did not put the district court on notice that it didn't want Jasmine Smith's statement into evidence at the revocation hearing. In fact, as was noted earlier, on page 31 of the record is when Mr. Ford himself, on cross-examination of the government's main witness, Mr. Rahoy, brought up Jasmine Smith's statement about whether he was smoking crack cocaine on the day in question. So that was quite a different part of the statement, though. I mean, it's hard to imagine why Mr. Ford would have wanted the Tony part of the statement brought in. Certainly, certainly, Your Honor. But again, there was no objection to the admission of the full statement, nor did the defendant in this case explicitly ask the district judge to just consider the part of the statement for the limited purpose of impeaching the government's main witness. That was not done here. And therefore, the defendant has waived his ability to challenge the admission of hearsay at his revocation hearing. I think that it's important to note that this court in Jordan found that the defendant in that case made an objection on due process grounds to the admission of hearsay evidence at the revocation hearing. And this court found that that was sufficient to preserve his Rule 32.1b2c issue for appellate review, thereby suggesting that there is some duty on the part of the defendant to raise issues for the district court judge so then they can, if it became an issue, trigger the government to respond, indicate why Ms. Smith wasn't produced here, and then subsequently the court's obligation to conduct the balancing test here. So if we were to disregard the Smith testimony, would there have been enough evidence for the court to revoke? Absolutely. The district court relied principally on Mr. Rahoy's in-court testimony, which he found credible and which was corroborated by another tenant in the 1651 North 29th Street property who placed Mr. Ford as the property manager, Tony. So we have the victim himself identifying the defendant as the man who beat him up, both in the photographic lineup and in court, and said, yes, this is the man who beat me up. And the district court found that testimony to be credible and specifically found that Mr. Ford's testimony at the hearing was incredible. So disregarding Smith's statement, there was enough for the court to find that there was a violation of the supervised release conditions in this case. I think there was a question about the reliability of Ms. Smith's statements and for the reasons that I have already given relating to the live in-court testimony of the various witnesses, the other tenant of the building placing Mr. Ford as the property manager, that it does indicate that Ms. Smith's statements in this case were reliable. I think it's also important to note that because Mr. Ford was introducing Ms. Smith's statement to attack the victim's credibility, in one sense he's asking the district court judge to find her reliable, but then on the back end is also asking for this court to find that her other statement is not reliable. So in one sense he's using her statement as a sword and a shield. So what about this 3583 argument that we have? Which conduct, I'll say to avoid words, should one look to to see what the permitted term is on revocation? Right, the relevant term in that statute that we're really focusing on is the offense that resulted in the term of supervised release. In this case, offense refers to the offense of conviction. Congress could have stated in the statute, it could have referred to supervised release violations, it could have said revocation, but it didn't. It just said offense and therefore the fact that Congress omitted the word original I don't think is a non-starter in this case. There was a recent Supreme Court case that came out on May 26th of this year where the Supreme Court did have an opportunity to examine the term offense as used in Title 18. It's Kellogg, Brown, and Root Services, Inc. versus the United States. Although they were looking at the Wartime Suspension of Limitation Act, the court there found that the term offense refers to crimes and it did recognize that the term offense does have a broader meaning and that crimes and offenses are not necessarily synonymous, but the Supreme Court had said that in Title 18 that is not how it's used, that offense refers to the crime of conviction. And one last point on the Section 3583. If this court were to find the defendant's interpretation of the statute to be correct, it would lead to an absurd result because on a second violation of supervised release conditions under the defendant's interpretation of the statute, a defendant could be sentenced to no more than two years' imprisonment for any second revocation. And on his third revocation, no more than one year and that's simply not how the statute reads. So based on the plain language of the statute, the government is requesting that this court affirm the district court's finding or the district court's sentence both as to the 36 months imposed and to the underlying finding that Mr. Ford violated his supervised release conditions in this case. All right. Thank you very much. Thank you. Mr. Hillis, I think you have about a minute. Thank you for the additional time. The district court expressly relied on Ms. Smith's testimony to find the violation, so I don't think that we can say that were it not the case that it was given, we could have had the same result here. I think that's powerful evidence to the contrary. Also, the government has a duty, always has a duty, to make its witnesses available under the rule. And the district court has noticed because the rule says to have the witness there unless the government makes the necessary showings. And the government can't read a word into a statute any more than we can read one out of it. And if it doesn't have the word original before the word offense, then it doesn't refer to the original offense. It refers to the new offense. And it doesn't lead to an absurd result. But your position doesn't make sense. How so, Your Honor? I'm sorry. You could have a serious offense. And, you know, a long, significant prison sentence. And then a very short period of supervised release. And yet the conduct that would lead to the revocation of supervised release could be quite serious. And the idea is to hold the threat of the, you know, sentence, maximum sentence for the original offense over the head of the releasee in order to increase the incentive for him to obey. Very true. But the universe is even broader than that. We have a state court where if there is a violation of law, he can be or she could be sentenced to the time in the state court for that very serious conduct. So we don't have to worry about this constantly narrowing possibility of less criminal exposure. Because we always have, under instances where there's serious misconduct and crimes, an avenue in state court, which is really the better place to answer for your misconduct. As opposed to this preponderance of the evidence, send you back to prison for however long we wish to, under fairly loose standards all the time. It doesn't lead to an absurd result. It just leads to a result the government doesn't like. But those are two different things. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement. Court will be in recess.